# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. Bank National Association, as Trustee for Banc of America Funding 2006-G Trust, | Case No.: 2:17-cv-01500-JAD-PAL |
| Plaintiff | |
| v. | |
| SFR Investments Pool 1, LLC, a Nevada limited-liability company; Torrey Pines Ranch Estates Homeowners Association, a Nevada non-profit corporation; Nevada Association Services, Inc., a Nevada corporation, | **Order re: Summary Judgment**<br><br>[ECF Nos. 29, 30, 32] |
| Defendants | |

In *SFR Investments Pool 1 v. US Bank*, the Nevada Supreme Court held that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust.[1] U.S. Bank National Association, as Trustee for Bank of America Funding 2006-G Trust, brings this diversity action to determine the effect of the 2013 foreclosure sale of a home on which the bank claims a deed of trust securing a mortgage on the property. U.S. Bank sues SFR Investments Pool 1, LLC, who purchased the property at the foreclosure sale; and the Torrey Pines Ranch Estates Homeowners Association (HOA), who caused the sale to occur, seeking a determination that the deed of trust survived the foreclosure.[2] SFR counterclaims for the opposite conclusion.[3]

---

[1] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).
[2] ECF No. 1.
[3] ECF No. 15.

SFR[4] and the HOA[5] move for summary judgment on the bank's claims, arguing that they are time-barred by the applicable statutes of limitations and, regardless, they fail as a matter of law. The bank moves for summary judgment in its favor on all of its claims.[6] I find that the bank's claims are governed by three- and four-year statutes of limitations, and because the bank filed this action more than four years after the foreclosure sale, they are all time-barred. I also find that SFR is entitled to summary judgment on its quiet-title counterclaim. So I grant the HOA's and SFR's motions in part and deny the bank's as moot.

## Background

Peter Nguyen purchased the home at 6209 Rodman Ridge Court in Las Vegas, Nevada, in 2006, with a mortgage from Wells Fargo Bank, secured by a deed of trust.[7] Wells Fargo assigned the deed of trust to U.S. Bank in 2010.[8] The home is located in the Torrey Pines Ranch Estates common-interest community[9] and subject to its constituent documents, which require the owners of units within this development to pay certain assessments. When Nguyen fell behind on his assessments, the HOA commenced nonjudicial foreclosure proceedings on the home under Chapter 116 of the Nevada Revised Statutes.[10] SFR bought it at the foreclosure sale on January 25, 2013.[11]

---

[4] ECF No. 32.
[5] ECF No. 29.
[6] ECF No. 30.
[7] ECF Nos. 30-1 (promissory note), 31-1 (deed of trust).
[8] ECF No. 31-2 (assignment).
[9] ECF No. 31-1 at 18.
[10] ECF Nos. 31-3, 31-4, 31-10.
[11] ECF No. 31-11.

2

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[12] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[13] SFR claims that the 2013 HOA foreclosure sale caused both Nguyen and the bank to lose any interest they had in the property.

Four years and four months after the foreclosure sale, U.S. Bank filed this action against SFR and the HOA.[14] The bank pleads six causes of action: three quiet-title claims, all seeking a declaration that the deed of trust continues to encumber the property; a claim for "wrongful foreclosure"; one for violating NRS 116.1113; and an unjust-enrichment claim against SFR alone.[15] SFR asserts a quiet-title counterclaim against the bank and "crossclaim" against Nguyen,[16] asking for a declaration that the foreclosure sale extinguished any interest claimed by the bank or Nguyen.[17]

Nguyen has not appeared or participated in this case,[18] but all other parties move for summary judgment in their favor. The first-filed motion belongs to the HOA. It argues that all of the bank's claims are time-barred by a three- or four-year statute of limitation and, regardless,

---

[12] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

[13] *SFR*, 334 P.3d at 419.

[14] U.S. Bank also sued Nevada Association Services, Inc. (NAS), the entity that conducted the sale on behalf of the HOA, *see* ECF No. 1, but NAS has not appeared. The dismissal of the bank's claims as untimely includes its claims against NAS.

[15] *Id.*

[16] This claim is more properly construed as a third-party claim because Nguyen is not a co-defendant on the bank's claims.

[17] ECF No. 15.

[18] The Clerk entered default against Nguyen on SFR's motion. *See* ECF No. 33.

3

they fail as a matter of law.[19] SFR attacks the bank's claims with similar arguments and also asks for summary judgment in its favor on its quiet-title counterclaim.[20] U.S. Bank contends that its claims are timely because they are all quiet-title actions governed by a five-year statute of limitations, and it seeks summary judgment in its favor on all claims.[21] I first evaluate the timeliness of the bank's claims, and then I consider whether SFR is entitled to summary judgment on its counterclaim.

**Analysis**

**A.  SFR's and the HOA's motions for summary judgment on U.S. Bank's claims [ECF Nos. 29, 32]**

U.S. Bank waited four years and four months after the foreclosure sale to file this action. The parties generally characterize all claims in this case as quiet-title claims. Both SFR and the HOA argue that these claims are statute-based claims subject to a three-year statute of limitations under NRS 11.190(3)(a)[22] or, at best, the court must apply the catch-all four-year deadline in NRS 11.220; either way, the bank's action is time barred.[23] U.S. Bank contends that its quiet-title claims enjoy a more generous five-year statutory period under NRS 11.070 or 11.080, making them timely.[24]

---

[19] ECF No. 29 (HOA's motion).
[20] ECF No. 32.
[21] ECF Nos. 30, 34, 35, 46.
[22] ECF Nos. 29 at 6 (HOA), 32 at 10–12 (SFR).
[23] ECF Nos. 29 at 6–7 (HOA), 32 at 12–13 (SFR).
[24] ECF Nos. 34, 35.

### 1. Sorting the bank's claims

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[25] The bank's first, second, and fifth causes of action are labeled "quiet title" and their general purpose is to challenge the impact of the foreclosure sale on the deed of trust. This requested equitable relief makes U.S. Bank's claims the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[26] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[27]

The bank's third cause of action is labeled "wrongful foreclosure," but this is a misnomer. The central purpose of this claim is the very same as those bearing a quiet-title label: challenging the legal underpinnings of the foreclosure and asking that the sale be declared invalid so that it does not extinguish the deed of trust.[28] So the parties are right to characterize this claim as another quiet-title claim.[29]

---

[25] *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

[26] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[27] *Id*. at 1112.

[28] ECF No. 1 at 9–10

[29] Even if I were to characterize this claim as one for wrongful foreclosure, it enjoys at best a four-year statutory period. *See Bank of New York for Certificateholders of CWALT, Inc. v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1219 (D. Nev. 2018).

The bank's fourth cause of action is entitled "Violation of NRS 116.1113 et seq."[30] In this claim, the bank alleges that the HOA breached its "duty of good faith to US Bank" in the foreclosure documents and process. Assuming without deciding that NRS Chapter 116 provides a private right of action for a violation of NRS 116.1113, this claim is one founded on a liability created by statute, other than a penalty or forfeiture, and it is subject to the three-year statute of limitations in NRS 11.090(3)(a). Because the bank waited more than four years after this alleged statutory violation to file this action, its NRS 116.1113-violation claim is time-barred.

As its final claim, the bank alleges that SFR was unjustly enriched by the foreclosure purchase.[31] Nevada's "statute of limitation for an unjust enrichment claim is four years."[32] U.S. Bank missed that window by four months, so its unjust-enrichment claim against SFR is also time-barred.

### 2. U.S. Bank's quiet-title claims were time barred four years after the foreclosure sale.

With the bank's NRS 116.1113 and unjust-enrichment claims time-barred, I turn to the question of which statutory period applies to its remaining equitable claims to quiet title. The bank takes the sweeping position that quiet-title actions in Nevada are governed by the five-year statutes of limitations in NRS 11.070 and 11.080, making its claims timely.[33] Though some quiet-title claims in Nevada are governed by these statutory provisions, not all of them are. NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the

---

[30] ECF No. 1 at 10–11.

[31] *Id*. at 12.

[32] *In re Amerco Derivative Litig*., 252 P.3d 681, 703 (Nev. 2011) (citing NRS 11.190(2)(c)).

[33] ECF No. 34 at 6.

6

recovery of the possession thereof other than mining claims . . . ."[34]  But U.S. Bank's is not an action for the recovery of property or possession of property.  If U.S. Bank wins, it gets only a declaration that its lien remains on the property.  So NRS 11.080 has no application to U.S. Bank's quiet-title claims.

NRS 11.070 provides a five-year statute of limitations for actions or defenses "founded upon the title to real property or to rents or to services out of the same."[35]  U.S. Bank's claims do not fall under NRS 11.070 because they are not founded upon title, rents, or services, but upon lien rights created by a deed of trust.  And although these claims impact or may impact title, they themselves are not founded upon title as NRS 11.070 requires.  So U.S. Bank cannot reap the benefits of the liberal five-year limitations period in NRS 11.070 for its claims either.

U.S. Bank cites a handful of cases in which other judges in this district have applied these five-year limitation periods to a wide swath of HOA-foreclosure-related claims.[36]  With limited exceptions that do not apply here, trial-court opinions are not binding on other trial judges within this district,[37] and I do not find those orders persuasive.  They contain no analysis of the language in these statutes or how it relates to an equitable quiet-title claim brought by a deed-of-trust beneficiary.  At most, they reference other cases in which a court has offered the same unreasoned conclusion, primarily the Ninth Circuit's opinion in *Weeping Hollow Avenue Trust v.*

---

[34] Nev. Rev. Stat. § 11.080.

[35] Nev. Rev. Stat. § 11.070.

[36] *See* ECF No. 34 at 5–8 (collecting cases); *but see Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018) (holding that the four-year catchall limitation period in § 11.220 applies to quiet-title claims by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust).

[37] L.R. IA 7-3(f) ("A decision by one judge in this district is not binding on any other district judge . . . and does not constitute the rule of law in this district.").

*Spencer*[38] and its unpublished disposition in *Scott v. Mortgage Elec. Reg. Sys.*,[39] or the Nevada Supreme Court's holding in *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*.[40] But even those underlying cases are materially distinguishable from this case because the claim that the court was analyzing in each was brought by a titleholder, not a lienholder like U.S. Bank. So, unlike U.S. Bank's claims, those were founded on title or sought to recover property, so they were properly governed by the five-year statutes of limitation in NRS 11.070 and 11.080.

The bank also avers that the Nevada Supreme Court "reiterated that Nevada's five-year statute of limitations applies to quiet title claims" in its en banc opinion in *Las Vegas Development Group v. Blaha*.[41] But U.S. Bank's superficial treatment of *Blaha* glosses over the material distinctions that render it inapplicable here. The claim that the *Blaha* court was evaluating belonged to Las Vegas Development Group (LVDG), who had purchased property in an NRS Chapter 116 HOA foreclosure sale. Five months after that sale, Bank of America conducted a foreclosure sale under NRS Chapter 107 (based on its deed of trust) and then sold the property to Blaha.[42] LVDG sued for quiet title, claiming that it is the rightful owner of the property because the HOA foreclosure sale extinguished the bank's interest, rendering the transfer to Blaha void.[43]

---

[38] *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110 (9th Cir. 2016).

[39] *Scott v. Mortgage Elec. Reg. Sys.*, 2015 WL 657874 (9th Cir. Feb. 17, 2015) (unpublished).

[40] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*, 388 P.3d 226 (Nev. 2017).

[41] ECF No. 34 at 5–6 (citing *Las Vegas Dev. Grp., LLC v. Blaha*, 416 P.3d 233 (Nev. 2018)); *accord* ECF No. 35 at 6.

[42] *Blaha*, 416 P.3d at 235.

[43] *Id*.

True, the Nevada Supreme Court broadly characterized LVDG's claim as one "seeking to quiet title and have its rights determined on the merits" and concluded that LVDG's claim was "governed by NRS 11.080, which provides for a five-year statute of limitations." But the devil is in the details of NRS 11.080. This narrow statute does not apply to all quiet title actions, just those for the recovery of real property or its possession.[44] And while purchaser LVDG was seeking to recover real property in *Blaha*, U.S. Bank stands in different shoes. Because U.S. Bank seeks only a determination that its lien remains on the property—it is not seeking to recover real property or its possession—this action is not governed by NRS 11.080 and its five-year statutory period.

But I also cannot agree with SFR and the HOA that the bank's equitable quiet-title claims are subject to the three-year statute of limitations in NRS 11.090(3)(a).[45] That statute governs actions "upon a liability created by statute, other than a penalty or forfeiture."[46] But U.S. Bank's claims are not actions upon a liability created by statute; they are equitable actions to determine adverse interests in real property, as codified in NRS 40.010.[47] Section 40.010 does not create liability, and a party cannot impose liability upon another through that statute. Rather, the statute allows for a proceeding to determine adverse claims to property. Even if I interpret the bank's quiet-title actions as claims under NRS 116.3116, they still do not seek to impose liability under that statute. So NRS 11.090(3)(a) does not apply.

---

[44] Nev. Rev. Stat. § 11.080 (providing that "[n]o action for the recovery of real property, or for the recovery of the possession thereof other than mining claims, shall be maintained, unless it appears that the plaintiff or the plaintiff's ancestor, predecessor or grantor was seized or possessed of the premises in question, within 5 years before the commencement thereof.").

[45] *See* ECF Nos. 29 at 6, 32 at 10–12.

[46] Nev. Rev. Stat. § 11.190(3)(a).

[47] *See supra* at p. 5; *Shadow Wood HOA*, 366 P.3d at 1111 (recounting that "NRS 40.010 essentially codified the court's existing equity jurisprudence" (comma omitted)).

9

With no squarely applicable limitations statute for U.S. Bank's equitable quiet-title claims, I am left with the catch-all four-year deadline in NRS 11.220, which states that "[a]n action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."[48] Because the foreclosure sale occurred on January 25, 2013, and this action was filed more than four years later on May 26, 2017, U.S. Bank's remaining quiet-title claims are time barred. I thus grant summary judgment in favor of the defendants and against U.S. Bank on all of the bank's claims,[49] and I deny the bank's motion for summary judgment on these claims as moot.[50]

**B. SFR's motion for summary judgment on its counterclaim [ECF No. 32]**

SFR also moves for summary judgment on its own quiet-title claim against the bank and Nguyen. Because Nguyen has been defaulted,[51] the proper vehicle for seeking judgment against him is a motion for default judgment under Rule 55(b) that applies the factors articulated by the Ninth Circuit in *Eitel v. McCool*,[52] not summary judgment. So I deny SFR's request for summary judgment against Nguyen and consider the motion only against the bank.

Summary judgment is available, however, against U.S. Bank. SFR argues that it is entitled to a declaration that the foreclosure sale was valid and that it took the property free of the bank's deed of trust, which was extinguished as a result of the foreclosure sale.[53] As the Nevada Supreme Court recognized in *SFR*, "proper foreclosure" of an HOA's superpriority lien

---

[48] Nev. Rev. Stat. §11.220.

[49] Because I grant summary judgment on this basis, I need not and do not reach SFR's or the HOA's other challenges to the bank's claims.

[50] ECF No. 30.

[51] ECF No. 33.

[52] *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

[53] *See* ECF No. 15 at 15 (SFR's counterclaim).

"extinguish[es] a first deed of trust."[54] So, if the HOA properly foreclosed on its superpriority lien on the Nguyen property, U.S. Bank's first trust deed was wiped out, and SFR's interest is unencumbered by the bank's lien.[55] Nevada law renders certain recitals in a foreclosure deed—about default, the mailing of the notice of delinquent assessment, the recording of notices, and the giving of the notice of the sale, for example—"conclusive proof of the matters recited" against the property's former owners "and all other persons."[56]

With its affirmative claims now time-barred, the bank claims that SFR has two roadblocks to summary judgment: (1) the statutory scheme under which the foreclosure occurred was deemed unconstitutional by the Ninth Circuit in *Bourne Valley Court Trust v. Wells Fargo Bank*;[57] and (2) "evidence of fraud, unfairness, or oppression" requires the court to set aside the foreclosure sale. Neither argument carries the day.

The bank is right that the Ninth Circuit held in *Bourne Valley* that the statutory scheme in NRS Chapter 116 that authorized this foreclosure sale violated lenders' due-process rights because it did not require the HOA to send the lender notice of the foreclosure sale.[58] The lynchpin of the *Bourne Valley* holding was the majority's interpretation of Chapter 116's notice requirements: it found that the statute's (since-amended) scheme was an opt-in one that required

---

[54] *SFR*, 334 P.3d at 419; *see also Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1178 (D. Nev. 2015) (describing Nevada's HOA statutory-lien scheme that is codified in NRS Chapter 116 and its history).

[55] *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1116 (Nev. 2016) (citing *SFR* for the proposition that, "if the association forecloses on its superpriority lien portion, the sale also would extinguish other subordinate interests in the property.").

[56] Nev. Rev. Stat. §§ 116.31166(1)–(2); *accord Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017) (collecting authorities).

[57] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016).

[58] ECF No. 1 at 8.

notice of the foreclosure "only if the lender had affirmatively requested notice."[59] The panel expressly rejected the notion that NRS Chapter 116 incorporated the additional notice rules from NRS 107.090 so foreclosing HOAs "were required to provide notice to mortgage lenders even absent a request."[60]

But in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*,[61] the Nevada Supreme Court held that the *Bourne Valley* majority incorrectly interpreted this state statutory scheme.[62] And because federal district courts must follow the holdings of the state's highest court when applying state law, *Bourne Valley* is no longer controlling.[63] As I have previously held, and the Nevada Supreme Court has confirmed, the HOA foreclosure scheme in place at the time of this 2013 foreclosure sale did not violate due process.[64] The bank's argument that *Bourne Valley* prevents the relief that SFR seeks thus fails as a matter of law.

The bank's final salvo is that "actual evidence of fraud, unfairness, or oppression" requires the court to set aside the foreclosure sale.[65] Quiet-title claims like SFR's "are governed

---

[59] *Bourne Valley*, 832 F.2d at 1157.

[60] *Id*. at 1159.

[61] *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018).

[62] *Id*. at 1253 ("we decline to follow the majority holding in *Bourne Valley*, 832 F.3d at 1159. NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090 and, to the extent NRS Chapter 116 was ambiguous in this regard, legislative history and the principles of statutory construction support this conclusion.").

[63] *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 885 n.7 (9th Cir. 2000) (quoting *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)) (noting that the circuit's interpretation of state law is binding only "in the absence of any subsequent indication from the [state] courts that the circuit's "interpretation was incorrect."); *see also Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("[I]t is solely within the province of the state courts to authoritatively construe state legislation.").

[64] *See, e.g., Capital One, N.A v. Las Vegas Dev. Grp.*, LLC, No. 2:15-cv-01436-JAD-PAL, 2016 WL 3607160, at *5 (D. Nev. June 30, 2016).

[65] ECF No. 35 at 21.

by" the Nevada Supreme Court's "longstanding framework for evaluating any other real property foreclosure sale: whether the sale was affected by some element of fraud, unfairness, or oppression."[66] "Demonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression."[67] The bank offers two irregularities here that it claims show fraud, unfairness or oppression: (1) the HOA foreclosed on the property while Nguyen was in bankruptcy, thus violating the automatic stay (presumably in 11 U.S.C. § 362); and (2) the HOA purchased the property at the foreclosure sale and only later transferred it to SFR.

Even if I assume that Nevada law would deem a violation of the automatic bankruptcy stay to be evidence of fraud, unfairness, or oppression in the foreclosure process, the record does not support the conclusion that the stay was actually violated here. Nguyen's bankruptcy records supplied by the bank reflect that the final decree in his bankruptcy case was entered, and that case was closed, on September 13, 2012—four months before the January 25, 2013, foreclosure sale.[68] Even the notice of the foreclosure sale is dated and was recorded after the bankruptcy case closed.[69] So the record does not support the bank's contention that the foreclosure sale violated a bankruptcy stay.

The bank also appears to be wrong in its belief that the HOA bought the property at the foreclosure sale and only later transferred it to SFR.[70] The "Foreclosure Deed" supplied by the

---

[66] *Shadow Canyon*, 405 P.3d at 646.

[67] *Id*. at 647 (quoting *Shadow Wood*, 366 P.3d at 1112).

[68] ECF No. 31-9 at 2.

[69] *See* ECF No. 31-10.

[70] ECF No. 35 at 21 ("Given that the HOA purchased the Property and later transferred its interest to SFR, U.S. Bank can further demonstrate fraud, unfairness, and oppression by the Purchaser (the HOA)").

13

bank reflects that the HOA's agent (Nevada Association Services, Inc.) sold the property to SFR at the foreclosure sale on January 25, 2013, for $22,400.[71]  Nothing in the records that the bank has provided suggests that the HOA itself purchased the property at its own foreclosure sale only to later convey it to SFR, and the bank offers no hint about where it gets this notion from.  The bank has thus offered no genuine issue of fact to preclude summary judgment on SFR's quiet-title claim.

**Conclusion**

IT IS THEREFORE ORDERED that the Torrey Pines Ranch Estates Homeowners Association's Motion for Summary Judgment and SFR's Motion for Summary Judgment **[ECF Nos. 29, 32] are GRANTED in part:**

- **All claims by U.S. Bank National Association, as Trustee for Banc of America Funding 2006-G Trust, are DISMISSED** with prejudice as time-barred; and

- **Partial summary judgment is granted in favor of SFR and against U.S. Bank on SFR's counterclaim.**  SFR is entitled to a declaration that the January 25, 2013, HOA foreclosure sale at which it purchased the real property at 6209 Rodman Ridge Court, Las Vegas, Nevada, 89130, APN # 125-26-110-002 was valid, and SFR took that property without it being subject to plaintiff's first trust deed because that interest was extinguished by operation of NRS Chapter 116.

IT IS FURTHER ORDERED that U.S. Bank's Motion for Summary Judgment **[ECF No. 30] is DENIED** as moot.

---

[71] ECF No. 31-11 (Foreclosure Deed).

This order resolves all claims by and between SFR, the HOA, and U.S. Bank, leaving only SFR's third-party claim against defaulted defendant Nguyen. So, with good cause appearing and no just reason for delay, **I direct the Clerk of Court under Rule 54(b) of the Federal Rules of Civil Procedure to ENTER FINAL JUDGMENT in favor of SFR and the HOA on U.S. Bank's claims, and in favor of SFR and against U.S. Bank on SFR's counterclaim.** That judgment should state that "IT IS HEREBY DECLARED that the January 25, 2013, HOA foreclosure sale at which it purchased the real property at 6209 Rodman Ridge Court, Las Vegas, Nevada 89130, APN # 125-26-110-002 was valid, and SFR took that property without it being subject to plaintiff's first trust deed because that interest was extinguished by operation of NRS Chapter 116."

Dated: March 27, 2019

_____
U.S. District Judge Jennifer A. Dorsey